UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERIBERTO G.G., <br><br> Plaintiff, <br><br> vs. <br><br> KRISTI NOEM, SECRETARY OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND SAMUEL J. OLSON, FIELD OFFICE DIRECTOR; <br><br> Defendants. | 5:26-CV-05024-RAL <br><br><br> ORDER ENJOINING REMOVAL OF PETITIONER FROM SOUTH DAKOTA AND SETTING DEADLINE FOR ANSWER |

On March 10, 2026, Petitioner Eriberto G.G.[1] filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner Eriberto G.G. also filed a motion for a temporary restraining order under Fed. R. Civ. P. 65(b). Doc. 2. According to the Petition and other filings, the Department of Homeland Security's Immigration and Customs Enforcement (ICE) arrested Eriberto G.G. as he left his home on his way to work and has detained Eriberto G.G. since at least February 27, 2026, at the Lawrence County Jail in Deadwood, South Dakota. Docs. 1, 3. The Declaration attached to the motion for a temporary restraining order asserts that Eriberto

---

[1] The United States District Court for the District of Minnesota, which has handled over one hundred similar petitions in 2026 alone, has adopted a policy in immigration cases of identifying a petitioner only by first name and last initial in publicly filed pleadings. As in earlier cases, this Court follows that practice and, with some modification, the standard initial order entered there.

G.G. has resided in the United States for five years. Doc. 3 at 1. The Petition contains few additional facts about Eriberto G.G. and his detention.

The motion for a temporary restraining order seeks to prevent Respondents from removing Eriberto G.G. from South Dakota so that this Court does not lose jurisdiction and counsel can locate and consult with Eriberto G.G. Respondents in similar cases have moved detainees to Texas and other facilities, sometimes in violation of court orders. See Juan T.R. v. Noem, No. 26-cv-107 (PJS/DLM), Docs. 12, 12-1, 12-2 (D. Minn. Feb. 26, 2026). Such behavior of Respondents has not occurred in South Dakota, but there would be immediate and irreparable injury if Eriberto G.G. were moved out of state prior to this Court's ruling. Respondents suffer no corresponding harm in being required to keep Eriberto G.G. in South Dakota during the fourteen days in which this Court hopes to rule on the merits of the Petition, depending on what the parties file. Given the absence of harm to the United States, no security will be required under Fed. R. Civ. P. 65(c).

The District of Minnesota has processed many cases with parallel facts, and judges there have developed a standard order that this Court deems fitting for issuance in this case. For good cause, it is

HEREBY ORDERED THAT:

1. The Clerk of Court will deliver or serve a copy of the Petition (Doc. 1), Motion for Temporary Restraining Order (Doc. 2), and Declaration (Doc. 3) on the United States Attorney for the District of South Dakota; and also deliver and serve a copy of the petition on the Lawrence County State's Attorney's Office; and a courtesy copy to the Attorney General of South Dakota.

2. Respondents are directed to file an answer to Petitioner's Petition for a Writ of Habeas Corpus by no later than March 18, 2026, certifying the true cause and proper duration of

Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer should include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

   b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

   c. Respondents' recommendation on whether an evidentiary hearing should be conducted;

   d. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from what the District of Minnesota considers its in-district lead case: Santos M.C. v. Olson, No. 25-CV-4264, 2025 WL 3281787 (D. Minn. Nov. 25, 2025)[2]; and

---

[2] Santos represents the majority view that the applicable detention scheme for noncitizens already residing in the United States is under § 1226(a), absent exceptions under § 1226(c). Maldonado v. Olson, 795 F. Supp. 3d 1134 (D. Minn. 2025); E.M. v. Noem, No. 25-cv-3975, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060–62 (7th Cir. 2025); see also Demirel v. Fed. Detention Ctr. Phila., Civ. No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (collecting cases); Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); Yulexi T. v. Noem, No. 26-cv-68, 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); Kelvin N. v. Bondi, No. 26-CV-32, 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); Iishaar-Abdi v. Klang, No. 25-CV-4686, 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); Awaale v. Noem, No. 25-cv-4551, 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); Hugo D.P. v. Olson, No. 25-cv-4593, 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); Leonel V.F. v. Bondi, No. 25-cv-4474, 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. Ortiz v. Freden, 808 F. Supp. 3d 579, 595 (W.D.N.Y. 2025).

    e. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release under the analysis of <u>Ahmed M. v. Bondi</u>, No. 25-cv-4711, 2026 WL 25627 (D. Minn. Jan. 5, 2026).

4. If Petitioner intends to file a reply to Respondents' answer, Petitioner must do so by no later than March 23, 2026.

5. Respondents are ENJOINED for fourteen days from entry of this Order under Fed. R. Civ. P. 65(b) from moving Petitioner outside of South Dakota until further order of the Court, so that Petitioner may consult with counsel while the Court is considering the Petition, and so that there is no risk that removal of Petitioner from South Dakota will deprive this Court of jurisdiction over the petition. If Petitioner has already been removed from South Dakota, Respondents must immediately return Petitioner to South Dakota no later than March 15, 2026.

DATED at 1:40 p.m. on this 11th day of March, 2026.

                                          BY THE COURT:

                                          ROBERTO A. LANGE
                                          CHIEF JUDGE